# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| RUBY C. MEEKS, | * | |
| Plaintiff, | * | |
| vs. | * | CV 213-011 |
| BRUNSWICK HOUSING AUTHORITY, | * | |
| Defendant. | * | |

## ORDER

Plaintiff Ruby C. Meeks ("Meeks") filed a complaint in this Court on January 14, 2013, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, and retaliation. See Dkt. No. 1. Meeks moved to amend her complaint to include a claim of race discrimination on November 15, 2013, Dkt. No. 22, and Magistrate Judge James E. Graham granted the motion. Dkt. No. 39. Defendant Brunswick Housing Authority ("BHA") filed objections to the Order granting Meeks's motion to amend her complaint. Dkt. No. 41. BHA's objections regarding the

1

AO 72A
(Rev. 8/82)

pleading of additional damages in connection with Counts I, II, and III are **SUSTAINED**. BHA's objections concerning the addition of a racial discrimination claim are **OVERRULED**.

The Scheduling Order deadline for filing motions to amend was set for June 29, 2013, and discovery was originally set to close by October 15, 2013. Dkt. No. 14. Pursuant to a joint motion, an extension of discovery was granted through October 31, 2013. Dkt. No. 18. Meeks filed a Motion to Amend Complaint fifteen days after the close of discovery, during which time there was no pending Motion for Summary Judgment. Dkt. No. 22. The Magistrate Judge granted Meeks's motion to amend, and BHA filed objections to the Order. Dkt. No. 41. In addressing nondispositive pretrial matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Federal Rule of Civil Procedure 16 allows a schedule to be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Modification is permitted where "the schedule cannot 'be met despite the diligence of the party seeking the extension.'"

AO 72A
(Rev. 8/82)

Sosa, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16, Advisory Committee's Note). Thus, a court's inquiry focuses on the diligence of the party seeking the extension in pursuing his or her claim. Id. at 1418-19.

Meeks moved to amend her complaint, in part, in order to plead additional damages related to her ADA, ADEA, and retaliation claims. Meeks has not presented any justification or good cause demonstrating why she waited until four months after the Scheduling Order deadline to plead those damages in connection with her pre-existing claims.[1] Consequently, the Magistrate Judge's Order granting Meeks leave to amend her Complaint to include additional damages was contrary to law. BHA's objections regarding the pleading of additional damages in connection with Counts I, II, and III of the complaint are **SUSTAINED**.

Meeks has presented good cause for her delay in moving to add a race discrimination claim to her complaint. Good cause stems from Meeks's assertion that discovery supported her racial discrimination claim in a way that was unknown at the time of her initial complaint. Meeks alleges that questions posed to

---

[1] Meeks's Motion to Amend Complaint states, "Discovery provided to [Meeks] along with the deposing of Defendant's employees provided information to support an allegation of racial discrimination. Given this, [Meeks] seeks an order to allow her to amend her complaint by adding an allegation of racial discrimination, punitive and liquidated damages, and clarifying the grounds for the Complaint." Dkt. No. 22, ¶¶ 5-6. Her Response in Opposition to Defendant's Objections to Order Granting Plaintiff's Motion to Amend Complaint does not address the additional damages at all. Dkt. No. 47.

her by BHA's counsel in her deposition on September 10, 2013 revealed new considerations that she did not grasp at the time of her initial complaint. Dkt. No. 47, p. 3. In granting Plaintiff's Motion to Amend Complaint to add a claim of race discrimination, the Court finds the Magistrate Judge's Order neither clearly erroneous nor contrary to law. Thus, BHA's Objections concerning the addition of this claim are **OVERRULED**. The Court gives Defendant thirty (30) days from the date of this Order to move on the racial discrimination claim. Plaintiff must oppose any such motion within fifteen (15) days, and Defendant must file any reply within ten (10) days.

## CONCLUSION

For the reasons stated above, Defendant's objections regarding the pleading of additional damages are **SUSTAINED**. Defendant's objections concerning the addition of a racial discrimination claim are **OVERRULED**.

**SO ORDERED**, this 30TH day of September, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA